# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MARYLAND

| UNITED STATES OF AMERICA | * |  |
|---|---|---|
|  | * |  |
| v. | * | CRIMINAL NO. GJH-19-027 |
|  | * |  |
| BURUDI JARADE FAISON, | * |  |
|  | * |  |
| Defendant | * |  |

\*\*\*\*\*\*\*

## GOVERNMENT'S RESPONSE IN OPPOSITION TO
## DEFENDANT'S MOTION TO EXCLUDE

The United States of America, by and through its undersigned counsel, hereby respectfully opposes defendant Burudi Faison's ("Defendant's") motion to exclude certain evidence from the trial in his case ("Motion") (ECF No. 59). Specifically, Defendant seeks to exclude "from use by the government" five categories of evidence: (1) the September 5, 2018, statements by the two counterparties to the road rage incident that led up to the traffic stop (and the concomitant finding of the two firearms on Defendant's person and related ammunition), and the relevant officer's recordings of those statements; (2) recorded references by law enforcement officers to one of those counterparties' statements or actions; (3) the video of the officers' walk-through of Defendant's residence to secure it before the search on September 5, 2018, "and testimony of any items found pursuant to the warrant, not material to the offense;" (4) the September 5, 2018 radio runs surrounding the incident; and (5) the "use of [Defendant's] prior firearm offense and prior conspiracy offense." (ECF No. 59, at 1.)

The challenged categories of evidence (1), (2), and (4) all relate, the government presumes, to references to Defendant's having threatened to shoot the counterparties to the road rage incident, immediately before he was found by law enforcement to possess two firearms, one

of them loaded, in apparent pursuit of the counterparties down the road. Accordingly, the government treats these three categories of evidence together. The government addressees those and the other two categories of challenged evidence in turn.

## **BACKGROUND**

The government outlined the relevant factual background to the traffic stop at issue in this case and the ensuing residence search warrant in response to Defendant's motion to suppress and request for a *Franks* hearing, and respectfully incorporates that summary by reference herein. (ECF No. 31, at 1-7.) The Court also heard testimony pertaining to the traffic stop on July 15, 2019, (*see* ECF No. 56), and denied Defendant's motions, (*see* ECF No. 55).

Based on the government's current information, Defendant has an extensive criminal history, which includes: (1) a 1995 conviction for making a false statement on a firearm transfer form in Alexandria, Virginia, for which he was sentenced to two years' incarceration, all but one year suspended; (2) separate 1995 convictions for fraudulent use of a voter card, using a false Virginia ID, and false statement on an application for a Virginia ID in Alexandria, Virginia, for which he was sentenced to one year incarceration; (3) a 1998 conviction for failure to return leased property in Fairfax County, Virginia, for which he was sentenced to one year incarceration, all but three months suspended (to be served on weekends), and two years' probation (which was subsequently revoked, with 79 days incarceration to serve); (4) another 1998 conviction for failure to return leased property, this one in Arlington County, Virginia, for which he was sentenced to two years' incarceration, all but one year suspended, and two years' probation (which he subsequently also violated); (5) a 1999 conviction for using and carrying a firearm during drug trafficking in the United States District Court for the District of Columbia, for which he was sentenced to 60 months' incarceration and three years of supervised release;

(6) a 2005 conviction for contempt in Washington, DC, for which he was sentenced to 10 days' incarceration; (7) a 2007 conviction for two counts of cruelty to animals in Washington, DC, for which he was sentenced to 180 days incarceration, all but 15 days suspended, and two years' probation; and (8) 2009 convictions for conspiracy to possess with intent to distribute 500 grams of more of cocaine and attempt to possess with intent to distribute 500 grams or more of cocaine in the United States District Court for the Eastern District of New York, for which he was sentenced to 162 months' incarceration and eight years of supervised release on each count (concurrent) (the sentence was subsequently amended in 2011 to be for 137 months' incarceration and eight years of supervised release on each count (concurrent)).[1]

## ARGUMENT

I. **RECORDINGS PERTAINING TO THE ROAD RAGE INCIDENT**

With respect to Defendant's challenge to the variety of recorded evidence relevant to his threat to shoot the passengers of another vehicle which led to the traffic stop in this case, the government does not currently intend to introduce the referenced recordings unless it is necessary to rebut some argument or evidence presented by Defendant to attempt to contradict any of those recorded statements. That is, while the circumstances of the traffic stop are relevant and admissible in this case at the least so that the jury can understand the circumstances of the traffic stop, the previously recorded statements are presently peripheral to the government's planned proof. If Defendant puts any of them in issue, however, then the government would seek to introduce the recorded evidence if appropriate to refresh recollections and otherwise appropriately complete the record, consistently with the rules of evidence.

---

[1] The government does not currently intend to present evidence at trial of Defendant's Washington, DC, convictions for carrying a dangerous/deadly weapon or possession of a pistol with intent to use, which occurred approximately two years apart when he was a juvenile, nor, at this point, of his 1990 or 1991 convictions for theft: value less than $300 or handgun in vehicle.

3

Importantly, evidence of uncharged conduct (such as Defendant's reported threats as part of the road rage incident) is not other crimes evidence subject to Federal Rule of Evidence 404(b) "if the uncharged conduct arose out of the same series of transactions as the charged offense, or if evidence of the uncharged conduct is necessary to complete the story of the crime on trial." *United States v. Pegues*, 493 F. App'x 396, 399 (4th Cir. 2012) (citing *United States v. Basham*, 561 F.3d 302, 327 (4th Cir. 2009); *United States v. Siegel*, 536 F.3d 306, 316 (4th Cir. 2008)). To the contrary, "Rule 404(b) limits only the admission of evidence of acts extrinsic to the one charged, but does not limit the admission of evidence of intrinsic acts." *Id.* (citing *United States v. Chin*, 83 F.3d 83, 87 (4th Cir. 1996)). "Evidence is 'intrinsic' if it provides 'context relevant to the criminal charges.'" *Id.* at 399-400 (citing *United States v. Cooper*, 482 F.3d 658, 663 (4th Cir. 2007)). Stated another way, "other acts are intrinsic when they are 'inextricably intertwined or both acts are part of a single criminal episode or the other acts were necessary preliminaries to the crime charged.'" *Id.* at 400 (quoting *Chin*, 83 F.3d at 88) (alterations in *Pegues*). Thus, evidence such as pertaining to Defendant's threats as part of the road rage incident—which announced that he had a gun—would be admissible at the trial in this case, where the proof will be that he *did* in fact have not only one, but two, guns, on his person as his vehicle came down the road after the counterparties to the road rage incident. *See id.* (affirming the admission of evidence that, for instance, a defendant fled from a vehicle).

Separately from confirming Defendant's knowledge of the firearms, moreover, and most relevant here, such evidence is "relevant to explain why the officers acted in the manner they did." *Id.* (citing, *e.g.*, *United States v. Wright*, 392 F.3d 1269, 1276 (11th Cir. 2004), for its conclusion that "evidence of [the] defendant's resistance to arrest and battery on a law enforcement officer before the discovery of the firearm giving rise to his felon-in-possession

charge gave 'the jury the body of the story, not just the ending'"). "Without this testimony, the jury would be left wondering why the officers" took particular actions, in a manner that the rules of evidence do not require. *Id.* (citing *Old Chief v. United States*, 519 U.S. 172, 188 (1997), for its "holding that the government is entitled to present a complete narrative of the crime that 'satisf[ies] the jurors' expectations about what proper proof should be,'" and *United States v. Edouard*, 485 F.3d 1324, 1344 (11th Cir. 2007), for its observation that "'evidence is inextricably intertwined with the evidence regarding the charged offense if it forms an integral and natural part of the witness's accounts of the circumstances surrounding the offenses for which the defendant was indicted'"). *Accord, e.g.*, *United States v. Gilliam*, 994 F.2d 97, 103 (2d Cir. 1993) (approving of the admission of evidence from an anonymous caller as appropriate non-hearsay that "explain[ed] why officers returned to the scene" and arrested the defendant).

At the same time, the government plans a conservative approach in this case that will not emphasize the details of Defendant's interactions with the counterparties in the road rage incident, beyond what is necessary to explain the traffic stop and ensuing events. Unless, therefore, Defendant himself puts anything in issue regarding the details of the counterparties' statements, the government does not intend to present those recorded statements at trial. Nor does the government currently intend to present at trial the "radio runs" that refer to the possible possession of a firearm in Defendant's vehicle, unless such is necessary to correct the record based on some challenge Defendant seeks to make—and within, again, appropriate confines of the rules of evidence applicable here.

## II. VIDEO OF THE WALK-THROUGH OF DEFENDANT'S RESIDENCE TO SECURE IT BEFORE THE SEARCH, AND OTHER EVIDENCE FROM THE SEARCH OF THE RESIDENCE

The video of officers' walk-through of Defendant's residence to secure it before the search on September 5, 2018, is also admissible at trial. The government does not know what Defendant refers to in his challenge to "testimony of any items found pursuant to the warrant, not material to the offense," (ECF No. 59, at 1), but also does not intend to present evidence that is not relevant to the offense. The anticipated evidence from the search warrant includes the ammunition seized from Defendant's bedroom, as well as evidence to show, for instance, that the bedroom was in fact Defendant's and photographs, *e.g.*, explaining where the officers found the relevant items. The ownership evidence includes, for example, court papers in Defendant's name. The officers also observed in Defendant's bedroom homemade firearms/silencer-making parts—on his bed next to his pillow—which are relevant evidence for purposes of showing Defendant's knowing possession of the actual firearms, too.[2]

Moreover, even if the walk-through were construed as a search, it was appropriate—and there would be no basis to exclude the video from the government's use at trial.[3] Notably, as the

---

[2] Attempting to anticipate what Defendant may actually be attempting to challenge even though he did not state it explicitly, the government notes that it does not intend to introduce the drug-related evidence found in Defendant's bedroom or any evidence of what was found in the bedroom of Larry Newman, Jr.

[3] Courts have accepted the use of walk-throughs to secure a residence while a search warrant is being obtained. *See, e.g.*, *United States v. Lockett*, 533 F. App'x 957, 960 & n.1 (11th Cir. 2013) (recounting such a walk-through); *United States v. Baker*, No. 3:17-CR-59 (TMR), 2019 WL 1125685, at *5 (S.D. Ohio Mar. 12, 2019) (noting that in a "walkthrough to secure the property before execution of the anticipated search warrant," an officer "saw in plain view a black and silver digital scale," and noting no issue even where that information was incorporated into the search warrant affidavit); *Prosser v. Norman*, No. 4:08CV0516 (TCM), 2011 WL 4378118, at *3 (E.D. Mo. Sept. 20, 2011) (recounting such a walkthrough); *Price v. Hall*, No. 1:08 CV 2804 (SO), 2009 WL 2709381, at *13 (N.D. Ohio Aug. 25, 2009) (noting that "consequent to the arrest of [the defendant]," the officers "had authority to walk through the threshold of the apartment to question [an individual] and to secure the area").

Court has heard, no "searching" occurred with the walk-through, and that video would serve only to display the general layout of the residence and state of open and closed doors, for instance—which is likely only relevant in rebuttal depending on possible arguments Defendant may seek to raise. Contrary to Defendant's seeming suggestion in his Motion, (*see* ECF No. 59, at 2), there is no requirement that all evidence admitted at trial have originated from a search warrant. Nor is there a basis to exclude wholesale the video as "not . . . material evidence of the crime," as Defendant requests, (*id.*), without knowing what defense Defendant may raise. Although the video does not reveal his ammunition itself, a determination regarding its admissibility would more appropriately be made at trial.

Ultimately, Defendant gives no specific argument against admissibility of the walk-through video, which also—notably—followed in time his father's consent to search the residence and was fully warranted on that basis, as well, even though it preceded the procurement of the search warrant and its execution. Notably, testimony or argument about the timing of the search is relevant only to the validity of the search, which is a legal question that this Court has already decided. The law is well-settled that in a criminal prosecution, questions of law are for the court rather than the jury. *See, e.g.*, *United States v. Gaudin*, 515 U.S. 506, 513-14 (1995); *Staples v. United States*, 511 U.S. 600, 612 n.6 (1994). And specifically, the legality of a search is a question of law and is therefore left to the Court's determination. *See, e.g.*, *United States v. Kingsborough*, 744 F. App'x 139, 146 (4th Cir. 2018) (finding that the district court did not abuse its discretion in instructing the jury that the arrest and search of the defendant had already been found to be "'valid and legal'"); *United States v. Mullen*, 416 F.2d 456, 457 (4th Cir. 1969) (per curiam) (summarizing that "[t]he question of the legality of the arrest was not one for the jury"); *Gerahty v. United States*, 29 F.2d 8, 8 (4th Cir. 1928) ("The

7

question of probable cause and the question of the legality of the search warrant are judicial questions for the court and not for the jury"); *United States v. Cooper*, 949 F.2d 737, 744 (5th Cir. 1991) (noting that "the ultimate question of the legality of the search or seizure of [the car at issue] is a question of law alone"); *Crosby v. United States*, 231 F.2d 679, 681 (5th Cir. 1956) ("It was for the Court to determine the legality of the search and the resultant admissibility of the evidence obtained."). Because the question of whether a search was validly executed is a legal question already resolved by this Court, questions such as Defendant seems possibly to intend to raise are outside of the scope of the jury's fact-finding responsibilities and would not be admissible at trial.

The jury's duty in this case, as in any criminal case, is to determine whether the government has proven the elements of the charged offenses: here, possession of a firearm and ammunition by a convicted felon, in violation of 18 U.S.C. § 922(g). Accordingly, challenges to when or how the video arose is irrelevant to the issues the government must prove at trial. Federal Rule of Evidence 401 defines "relevant evidence" as evidence that "has any tendency to make a fact," which is of consequence in determining the action, "more or less probable than it would be without the evidence." Fed. R. Evid. 401. "Irrelevant evidence is not admissible." Fed. R. Evid. 402. Subject to other applicable rules, "all relevant evidence is admissible." *United States v. Abel*, 469 U.S. 45, 51 (1984). In *Abel*, the Supreme Court made clear that evidence that neither bears on a witness's credibility or bias, nor makes the existence of any fact of consequence more or less probable, is not relevant and is therefore inadmissible. *Id.* at 50-51. To the extent that, at trial, evidence from the walk-through video relevant, its admission into evidence would be appropriate.

### III. EVIDENCE OF DEFENDANT'S PRIOR CONVICTIONS

In his third challenge, Defendant seeks to restrict which of his prior convictions the government may use in evidence at trial, presumably referring most strongly to his two prior federal convictions, which were also the ones for which he received the longest sentences and which pertained to a firearm (for one conviction) and drug distribution (for both). Defendant also refers to his additional firearms-related convictions. (ECF No. 59, at 1-2.) However, there is no legal basis for Defendant's seeking to restrict the government in which convictions it may rely upon to establish the elements of its case. The government will make that determination based on the availability of documentary and other evidence, as appropriate, for trial.

Notably, on August 21, 2019, the government sent to Defendant's standby counsel for their review a proposed stipulation pertaining to Defendant's criminal history that would obviate the need for the government to refer to any specific prior conviction, let alone to multiple ones. The relief Defendant seeks can be accomplished readily by signing such a stipulation. "Stipulation to the fact that a prior felony conviction exists greatly reduces the danger of prejudice by avoiding the need to delve into details of past bad acts." *United States v. Alexander*, 30 F. Supp. 3d 499, 505 (E.D. Va. 2014) (citing, *e.g.*, *Old Chief v. United States*, 519 U.S. 172, 191 (1997)); *see United States v. Milton*, 52 F.3d 78, 81 n.7 (4th Cir. 1995), *abrogated on other grounds* (noting that the defendant "was wise to stipulate to the fact of the prior felony conviction because if a defendant offers to stipulate to the fact of the prior felony conviction, evidence of the nature of the conviction is irrelevant and will not be admitted") (citation omitted); *United States v. Harris*, No. 3:15CR160 (HEH), 2016 WL 10677889, at *2 (E.D. Va. May 27, 2016) (noting that "if a defendant so chooses, he can 'stipulate the fact of his prior felony conviction' making 'evidence of the nature of the conviction . . . irrelevant'") (citation

omitted), *aff'd*, 708 F. App'x 764 (4th Cir. 2017). Barring Defendant's signing that stipulation, the government intends to introduce evidence at least of both of Defendant's federal convictions and possibly additional convictions. *See id.* ("Neither the law nor the circumstances . . . support Defendant's proposition that the presentation of evidence as to felony convictions, when prior conviction is an element of the offense charged, will prejudice the jury as to another element of the same charge or other charges.").

Importantly, indeed, after *Rehaif v. United States*, --- U.S. ---, 139 S. Ct. 2191 (2019), in prosecutions under 18 U.S.C. § 922(g), the government "must show that the defendant knew he possessed a firearm *and also that he knew he had the relevant status when he possessed it*" that rendered him a prohibited person. *Id.* at 2194. In this case, the government must show that the defendant knew that he was a felon, *i.e.*, that he knew he had been convicted of a crime punishable by imprisonment for a term exceeding one year (and his rights had not been restored). 18 U.S.C. § 922(g)(1). The length of imprisonment of his federal firearm and drug convictions, in particular, is therefore highly relevant to the government's proof in this regard, since it is difficult to think of a more solid way to show that a defendant knew the possible punishment for a crime as exceeding one year than if he served more than one year—which, for example, from Defendant's New York case, he did even after an appeal and resentencing.[4] Defendant provides no basis to eliminate reference to his prior crimes that carried the longest sentences. Similarly, the fact of multiple prior felony convictions would also help show Defendant's knowledge in this connection, which the government must now prove, such that allowing Defendant to limit such evidence prematurely would also be inappropriate. *See, e.g.*, *United States v. Lloyd*, 981 F.2d

---

4     Court documents from Defendant's appeal were found in his room and, absent a stipulation by Defendant to confirm this was his room, are relevant to confirm that this was Defendant's room, as well.

1071, 1072-73 (9th Cir. 1992) (finding no abuse in the district court's discretion "by permitting proof of three out of [the defendant's] eight prior felonies when [the defendant] refused to stipulate he was a convicted felon or to agree not to challenge the validity of a prior conviction").

At the same time, as the Fourth Circuit has summarized, "*when a defendant offers to stipulate the fact of his prior felony conviction*, evidence of the nature of the conviction is irrelevant and should be stricken." *United States v. Rhodes*, 32 F.3d 867, 870-71 (4th Cir. 1994) (citing *United States v. Poore*, 594 F.2d 39 (4th Cir. 1979)). "However, when a defendant does not stipulate the fact of his prior conviction, the Government must prove it because it is an element of the offense," and introducing the certified records of a defendant's prior convictions is the conventional manner for the government to do so. *Id.* at 871. *Accord, e.g.*, *United States v. Jones*, 266 F. App'x 886, 891-92 (11th Cir. 2008) ("If a defendant does not stipulate to his status as a felon for purposes of 18 U.S.C. § 922(g)(1), then the government must put on evidence of his earlier felony convictions.") (referring to convictions for burglary and grand theft); *Drew v. United States*, No. 3:05CR70 (DJJ), 2011 WL 2173804, at *14 (N.D.W. Va. Jan. 6, 2011), *report and recommendation adopted*, No. 3:05-CR-70 (JPB), 2011 WL 2173628 (N.D.W. Va. June 2, 2011) (reciting this standard). "The long and short of the matter is that without a stipulation, the jury does, indeed, learn about the nature of a prior conviction." *Purvis v. United States*, No. CIV. 08-170 (AW), 2009 WL 1664461, at *2 (D. Md. June 11, 2009).

Even so, the government has of course every interest in avoiding any undue prejudice to Defendant from the evidence it must rally for trial. Accordingly, not only did the government circulate the proposed stipulation weeks ago, for Defendant's consideration, but also the government does not seek ultimately to delve into the facts or nature of Defendant's prior convictions for purposes of its relevant proof. The certified conviction documents can be

11

redacted to avoid reference to the specific crimes, while not inappropriately limiting the government's proof—which certainly includes choosing which prior convictions to present to prove the necessary elements of its case. *See, e.g.*, *United States v. Wacker*, 72 F.3d 1453, 1472-74 (10th Cir. 1995), *as modified* (Mar. 11, 1996) (noting that the jury must be "'apprised of the offense charged and all of its attendant elements, [including the element of a prior felony conviction],'" and citing "the government's right to prove all essential elements of its case" before acknowledging the approach of using certified conviction documents that redact the "nature or substance of the conviction").

The government also notes that on August 23, 2019, the government provided Defendant with notice pursuant to Federal Rule of Evidence 404(b) that it reserves its option to present evidence against him of the following prior convictions in its case in chief at trial—separately and independently of the evidence it may present to establish the conviction-related elements of his offenses and/or for impeachment or other purposes—to show "motive, opportunity, intent, preparation, plan, knowledge, identity, absence of mistake, or lack of accident." Fed. R. Evid. 404(b)(2). The convictions include, but are not limited to (listed by arrest date): (1) 12/10/1990, Handgun in Vehicle/ District Court of Maryland for Anne Arundel County; (2) 08/09/1994 False Statement on Firearm Transfer Form/ Alexandria City Circuit Court; and (3) 02/14/1999 Using and Carrying a Firearm During Drug Trafficking/ U.S. District Court for the District of Columbia. *See, e.g.*, *United States v. Dumire*, No. 7:15-CR-00098 (EKD), 2016 WL 4507390, at *4-7 (W.D. Va. Aug. 26, 2016) ("As the Fourth Circuit has recognized, in a § 922(g) case, possession of other firearms at other times can be admitted under Rule 404(b) because it is relevant to the defendant's *knowingly* and *intentionally* possessing the charged firearms.") (emphases in original) (collecting cases). Further, "'[t]he mere fact that the evidence will

damage the defendant's case is not enough" to justify exclusion pursuant to Federal Rule of Evidence 403; "the evidence must be *unfairly* prejudicial, and the unfair prejudice must *substantially* outweigh the probative value of the evidence.'" *United States v. Williams*, 445 F.3d 724, 730-34 (4th Cir. 2006) (citations omitted) (emphases in original) (approving the admission of evidence of the defendant's involvement in prior murders); *accord Laforce v. United States*, 976 F. Supp. 402, 403-04 (W.D. Va. 1997) (noting that "when evidence of a prior conviction satisfies a purpose other than simply proving a defendant's status as a convicted felon, the general rule, as recognized by the Court in *Old Chief*, applies: 'the prosecution is entitled to prove its case by evidence of its own choice, or, more exactly, []a criminal defendant may not stipulate or admit his way out of the full evidentiary force of the case as the government chooses to present it") (citing *Old Chief*, 519 U.S. at 653) (affirming the admission of evidence of the nature of prior murder convictions despite a defendant's offer to stipulate to his status as a convicted felon).

At this point, however, the government only intends to introduce such evidence if it is necessary to rebut a claim or defense raised by Defendant except in the case of Defendant's federal narcotics conviction, which is admissible pursuant to Federal Rule of Evidence 609, or truthfulness. *See* Fed. R. Evid. 609(a) (providing that "for a crime that, in the convicting jurisdiction, was punishable by . . . imprisonment for more than one year, the evidence . . . must be admitted in a criminal case in which the witness is a defendant, if the probative value of the evidence outweighs its prejudicial effect to that defendant"); *United States v. Ledingham*, 340 F. App'x 150, 152 (4th Cir. 2009) (affirming the admission of evidence of a prior drug offense in a Section 922(g) case). Admission of evidence of the prior firearms-related convictions could be sought in redacted form, *see, e.g.*, *United States v. Reynolds*, No. 1:03 CR 00116-002 (JPJ), 2005

WL 1463535, at *2-3 (W.D. Va. June 22, 2005) (approving of the use of such redacted references in this context), with the government reserving its option to present the names of the charges if Defendant puts any questions in terms of his knowledge of firearms in issue, *e.g.*, *United States v. Williams*, 461 F.3d 441, 450-52 (4th Cir. 2006) (undertaking such an analysis).

Evidence of Defendant's prior convictions would also be admissible at trial consistently with Federal Rule of Evidence 609 if Defendant says anything contradicting them. *See, e.g.*, *United States v. Troupe*, 307 F. App'x 715, 717 (4th Cir. 2008) (noting that Rule 609 "does not govern the introduction of prior convictions offered to contradict specific testimony," such that evidence of a prior conviction had been properly admitted "to contradict [the defendant's] claim"); *United States v. Morrison*, 92 F. App'x 939, 941 (4th Cir. 2004) (similarly approving the admission of prior crimes to contradict a defendant's testimony, including of prior convictions for carrying a concealed weapon); *see also United States v. Wacker*, 72 F.3d 1453, 1473 (10th Cir. 1995), *as modified* (Mar. 11, 1996) (noting that even in the context of 18 U.S.C. § 922(g), "the prosecution retains broad discretion to introduce the underlying circumstances of a crime when those circumstances are truly relevant to the presentation of the case").

Just as in other areas, therefore, if Defendant opens the door to certain issues, the government preserves its rights to supplement or correct the record, as needed. *See also, e.g.*, *United States v. Ruhbayan*, 388 F. Supp. 2d 652, 662 (E.D. Va. 2004) (approving of the admissibility of evidence of a defendant's prior conviction for a manslaughter involving a firearm under Federal Rule of Evidence 609(a) because "[t]his evidence was highly probative . . . as defendant's theory of defense at trial rested in part on his claim that he did not use guns"); *United States v. Parker*, No. 2:07CR68 (RBS), 2007 WL 9658004, at *3 (E.D. Va. Oct. 31, 2007) (noting that "'[a]ny prejudicial effect of the necessary introduction of the defendant's past

conviction can . . . be avoided through the use of a limiting instruction'") (quoting *United States v. Silva*, 745 F.2d 840, 844 (4th Cir. 1984)).

Accordingly, decisions can best be made at trial regarding the admissibility or not of the appropriate items of evidence here, and exclusion at Defendant's request at this time would be inappropriate. *Accord, e.g.*, *Old Chief*, 519 U.S. at 186 (referring to "the familiar, standard rule that the prosecution is entitled to prove its case by evidence of its own choice").

## **CONCLUSION**

Based on the foregoing, the government respectfully requests that this Court deny Defendant's Motion.

    Respectfully submitted,

    Robert K. Hur
    United States Attorney

By:   /s/
    Elizabeth G. Wright
    Assistant United States Attorney

# CERTIFICATE OF SERVICE

I hereby certify that on September 9, 2019, I caused the foregoing to be electronically filed with the Clerk of the Court by using the CM/ECF system, which will provide notice of such filing to all participants in the case. I am also causing a copy to be mailed via First Class mail, postage pre-paid, to:

Burudi Faison, DCDC # 273991
c/o DOC – D.C. Jail
1901 D St., SE
Washington, DC 20003

/s/
Elizabeth G. Wright
Assistant United States Attorney